**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4227**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN JAMAR DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:15-cr-00259-GCM-DCK-1)

Submitted:  December 28, 2017                    Decided:  February 12, 2018

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roderick G. Davis, LAW OFFICE OF RODERICK G. DAVIS, PLLC, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Jamar Davis appeals his conviction following a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Davis contends that the district court erred in denying his motion to suppress a firearm seized during a traffic stop and abused its discretion by admitting at trial excerpts from two of Davis's jail calls. We affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted). We "construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* at 114–15. "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (brackets and internal quotation marks omitted).

"A traffic stop is a seizure within the meaning of the Fourth Amendment and must be reasonable under the circumstances." *Id.* at 648 (internal quotation marks omitted). We assess "the constitutionality of a traffic stop under the two-prong standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968)," determining first "whether the articulated bases for the traffic stop were legitimate" and second "whether the actions of the authorities during the traffic stop were reasonably related in scope to the bases for the seizure." *Id.* at 648–49 (internal quotation marks omitted). "In assessing the legitimacy of a traffic stop, we do not

2

attempt to discern an officer's subjective intent for stopping the vehicle," but rather "ask whether the circumstances, viewed objectively, justify the action." *Id.* at 649 (brackets and internal quotation marks omitted).

Davis argues that the officers lacked a legitimate basis for conducting the traffic stop. The officers testified at the suppression hearing that they stopped the car because the passenger-side headlight was not working, and the magistrate judge credited their testimony rather than the testimony of Davis's witness that both headlights were working properly. This credibility determination was not clearly erroneous, and thus the basis for the stop was legitimate. Because the officers did not impermissibly prolong the stop or take actions not reasonably related in scope to its basis, we conclude that the traffic stop did not violate Davis's Fourth Amendment rights.

Davis further asserts that the officers illegally searched the car and improperly seized the firearm without a warrant. The district court found the seizure of the firearm constitutional under the plain view doctrine.

> For the plain view exception to the warrant rule to apply, the government must show that: (1) the officer was lawfully in a place from which the object could be viewed; (2) the officer had a lawful right of access to the seized items; and (3) the incriminating character of the items was immediately apparent.

*United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012) (internal quotation marks omitted). The magistrate judge credited the testimony of the officer who discovered the gun that, while his partner was speaking with Davis on the driver side of the car, he shined his flashlight through the front passenger window and saw the firearm partially under the passenger seat. This credibility determination was not clearly erroneous, and the district

3

court correctly found that the officer discovered the firearm from a lawful vantage point. Although the district court did not address the other two prongs of the plain view doctrine, Davis does not assert error as to these factors on appeal, and we conclude that the district court did not err in determining that the seizure was a constitutional plain view seizure. Accordingly, the district court properly denied Davis's motion to suppress.

Davis also contends that the district court erred in denying his motion in limine to exclude, under Fed. R. Evid. 403, excerpts of two telephone calls he made from jail relating to his possession of the firearm. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). "Except under the most extraordinary of circumstances, where that discretion has been plainly abused, this Court will not overturn a trial court's Rule 403 decision." *In re C.R. Bard, Inc.*, 810 F.3d 913, 920 (4th Cir. 2016) (brackets and internal quotation marks omitted). Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. We have noted that "[p]rejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (internal quotation marks omitted); *see Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Although Davis characterizes the excerpts as cumulative, the district court correctly determined that if credited by the jury, the excerpts were highly probative of the contested element of possession. The district court did not abuse its discretion by determining that

4

the potential for unfair prejudice caused by the profanity and racially insensitive remarks in the excerpts did not substantially outweigh their probative value, or that the offensive remarks were sufficiently interwoven in the excerpts such that attempting to excise them would deprive the excerpts of essential context. We therefore conclude that the district court did not abuse its discretion by denying Davis's motion in limine and admitting the excerpts at trial.

Accordingly, we affirm Davis's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*